Imogene LONG, Plaintiff,

v.

June Dean HANK, Defendant.

No. 68–15 Civ.

United States District Court
E. D. Oklahoma.
March 11, 1968.

Carl W. Longmire, Pryor, Okl., for plaintiff.

Richard L. Carpenter, Jr., of Sanders, McElroy & Whitten, Tulsa, Okl., for defendant.

## ORDER

DAUGHERTY, District Judge.

Upon consideration of the Defendant's Motion to Dismiss for Lack of Jurisdiction, filed herein on January 30, 1968, with reference to the above case, the Court finds that the same should be overruled.

An earlier case involving the same parties and subject matter under Case No. 67–211 was dismissed in this Court on December 19, 1967. Said case was dismissed by the Plaintiff on December 19, 1967, pursuant to Rule 41(a) (1), F.R.Civ.P., 28 U.S.C.A., at which time the Defendant had not filed therein an answer or a motion for summary judgment. In these circumstances, an Order of the Court was not necessary to a dismissal of the case and the provisions of Rule 41(a) (2) for an Order of the Court and the imposition of such terms and conditions as the Court deems proper did not apply.

As to the payment of the court costs in Case No. 67–211, the Plaintiff dismissed the same at its costs. No doubt the Plaintiff paid the costs in the State Court. The Defendant deposited a $15.00 court cost deposit in the case in this Court on removal and apparently expended $10.00 for the necessary removal bond. The Defendant claims in the pending motion that these two items and a claim now made for attorneys' fees and traveling expenses therein should be considered as the court costs in said case. The Defendant then asserts that because he has not recovered his court costs in Case No. 67–211 the same has not been effectively dismissed and therefore this action will not lie and should be dismissed.

It appears that the Defendant has never presented a Bill of Costs in Case No. 67–211 for consideration and disposition pursuant to established procedure.

Defendant's Motion to Dismiss for Lack of Jurisdiction, being thus grounded on the pendency of a prior suit, is without merit, as the remedy allowed her in this situation is expressed in Rule 41(d), F.R.Civ.P., 28 U.S.C.A.:

"(d) *Costs of Previously-Dismissed Action.* If a plaintiff who has once dismissed an action in any court commences an action based upon or including the same claim against the same defendant, the court may make such order for the payment of costs of the action previously dismissed as it may deem proper and may stay the proceedings in the action until the plaintiff has complied with the order."

By reason of Rule 41(d), supra, the Court concludes that the settlement of the court costs in Case No. 67–211 has no effect on the validity and effectiveness of the Plaintiff's dismissal of such case, and in the discretion of the Court, the case at bar will not be stayed pending the Defendant's claim for her costs in Case No. 67–211. If the Defendant desires, she may proceed under Rule 41(d), supra.

The Defendant's Motion to Dismiss is denied.

The Defendant will answer the complaint of the Plaintiff within fifteen days from the date hereof.